# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

---

**In Re:**

CHRISTOPHER R. KING,
dba, CK CONSTRUCTION,
LLC,

**Bankruptcy Case
No. 07-02042-JDP**

**Debtor.**

---

JB CONSTRUCTION, INC.,
an Idaho corporation,

**Plaintiff,**

**vs.**

CHRISTOPHER R. KING,
dba, CK CONSTRUCTION
LLC,

**Adv. Proceeding No. 08-6031**

**Defendant.**

---

# MEMORANDUM OF DECISION

---

David V. Nielsen, Boise, Idaho, and Laura E. Burri, RINGERT LAW
CHARTERED, Boise, Idaho, Attorneys for Plaintiff.

Patrick J. Geile, FOLEY FREEMAN, Meridian, Idaho, Attorney for
Defendant.

MEMORANDUM OF DECISION - 1

*Introduction*

Following a trial, Defendant Christopher R. King filed a Motion for Attorney's Fees and Costs, to which Plaintiff JB Construction, Inc. objected. *See* Docket Nos. 42, 44, 46. After a hearing on Defendant's motion, the issues were taken under advisement. This Memorandum constitutes the Court's findings and conclusions,[1] and disposes of the issues raised by the motion.

*Facts*

Defendant formerly worked for Plaintiff as a supervisor. After he was terminated, Defendant began his own concrete placement business. Defendant's business failed, and on December 28, 2007, he filed a petition for relief under chapter 7 of the Bankruptcy Code.[2] Thereafter, Plaintiff initiated this adversary proceeding alleging that Defendant had willfully and maliciously breached a non-compete agreement between the parties,

---

[1] *See* Fed. R. Bankr. P. 7052; 9014.

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 - 1532, and all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 - 9037.

MEMORANDUM OF DECISION - 2

and that Plaintiff's claim for damages against Defendant should be excepted from discharge in his bankruptcy case under § 523(a)(6).

On January 22, 2009, the Court entered its Memorandum of Decision, Docket No. 40, in which it decided that the non-compete agreement was valid and enforceable under Idaho law, and that Defendant had breached its terms. However, the Court also concluded that Plaintiff did not show that its claim for damages against Defendant should be excepted from discharge pursuant to § 523(a)(6). Specifically, the Court held that, for a claim arising from a breach of contract to be nondischargeable under § 523(a)(6), the debtor's conduct giving rise to the debt must constitute a tort under state law, and that in this case, Plaintiff failed to make such a showing.

On January 22, 2009, the Court entered a Judgment and Order in favor of Defendant dismissing this action. Docket No. 41. On January 28, Defendant filed the motion for an award of attorneys fees and costs, Docket No. 42, and on February 10, Plaintiff objected to that motion. Docket No. 44. Defendant amended the motion on February 25. Docket

MEMORANDUM OF DECISION - 3

No. 46.  A hearing on the motion was held on March 3.  Docket No. 47.

## *Discussion*

As indicated by the parties at the hearing, the opportunity to recover attorneys' fees incurred in litigating discharge issues under the bankruptcy law in this circuit is a fairly recent phenomenon.  Previously, the so-called *Fobian* rule precluded such a recovery absent bad faith or harassment by the losing party.  *See Fobian v. W. Farm Credit Bank (In re Fobian)*, 951 F.2d 1149, 1153 (9th Cir. 1991).  Then, in March, 2007, the Supreme Court rejected the *Fobian* rule and its blanket prohibition on recovery of attorneys' fees incurred in litigating bankruptcy issues.  *See Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443 (2007).  However, in *Travelers*, the Supreme Court declined to decide whether attorneys' fees were recoverable under the facts of that case.  Since *Travelers*, this District has issued two published decisions on the subject, which are instructive here.  *See Kilborn v. Haun (In re Haun)*, 08.4 I.B.C.R. 155 (Bankr. D. Idaho 2008); *Hopkins v. Saratoga Holdings, LLC (In re Colvin)*, 08.2 I.B.C.R. 63 (Bankr. D. Idaho 2008).

MEMORANDUM OF DECISION - 4

There is no general right to recover attorneys' fees under the Bankruptcy Code. *Ford v. Baroff (In re Baroff)*, 105 F.3d 439, 441 (9th Cir. 1997). However, "a prevailing party in a bankruptcy proceeding may be entitled to an award of attorney fees in accordance with applicable state law if state law governs the substantive issues raised in the proceedings." *Id.* In this case, Plaintiff asserted that a claim arising from Defendant's alleged breach of contract was nondischargeable pursuant to § 523(a)(6). In defense, Defendant argued that the non-compete covenant in the contract was unenforceable under state law, and that his actions did not amount to a breach of the agreement. In addition, Defendant argued that, even if he had breached the contract, to satisfy its burden under § 523(a)(6), Plaintiff was required to show that Defendant's actions constituted a tort under Idaho law. Thus, each of the issues litigated in this action were grounded in state law. Accordingly, Idaho law should govern the award of attorneys' fees in this case. *In re Colvin*, 08.2 I.B.C.R. at 65.

MEMORANDUM OF DECISION - 5

### A. Fees under Idaho law.

Generally, a party requesting an award of attorneys' fees must assert the specific statute, rule or case authority supporting its claim. *MDS Invs., LLC v. State of Idaho*, 65 P.3d 197, 206 (Idaho 2003); *In re Haun*, 08.4 I.B.C.R. at 157. In this case, Defendant grounds his request upon Idaho Code § 12-120.[3] Plaintiff objected, arguing that it was unclear which of the several subsections in Idaho Code § 12-120 upon which Defendant relies. However, the Idaho Supreme Court has rejected just such an argument. *See Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 117 P.3d 130, 134 (Idaho 2005) (finding that, although the claimant's reference to Idaho Code § 12-120 did not specifically refer to subsection (3), it nonetheless adequately identified the ground upon which attorneys' fees were sought). Accordingly, Defendant's reference to Idaho Code § 12-120 is adequate,

---

[3] At the hearing on this motion, Defendant's counsel conceded that while the parties' agreement also provided for an award of attorney's fees, the motion did not list the contract as an additional ground for the award. However, counsel argued that he should be allowed to amend his motion to include such a request. Because no such amendment was made to the motion, the Court offers no opinion as to whether Defendant's attorneys' fees can be recovered under the contract.

MEMORANDUM OF DECISION - 6

and the Court turns its attention to the applicable subsections.

Idaho Code § 12-120(1) provides, in pertinent part:

> Except as provided in subsections (3) and (4) of this section, in any action where the amount pleaded is twenty-five thousand dollars ($25,000) or less, there shall be taxed and allowed to the prevailing party, as part of the costs of the action, a reasonable amount to be fixed by the court as attorney's fees.

The $5,000 in liquidated damages Plaintiff sought to recover in this action clearly falls below the $25,000 statutory ceiling, *see* Docket No. 1, so Idaho Code § 12-120(1) applies to Defendant's motion.[4] The critical inquiries are therefore whether Defendant was the prevailing party, and if so, determining a reasonable amount of attorneys' fees.

### 1. Defendant prevailed, at least in part.

The determination of who is a prevailing party in an action, for the purpose of receiving an award of attorney fees, is committed to the sound

---

[4] Because the Court determines that Defendant can recover attorneys' fees under Idaho Code § 12-120(1), the Court need not decide whether Defendant is also eligible for an award of fees under Idaho Code § 12-120(3). That statute targets actions involving "commercial transactions" as defined therein to include "all transactions except [those] for personal or household purposes."

MEMORANDUM OF DECISION - 7

discretion of the trial court. *Decker v. Homeguard Systems*, 666 P.2d 1169, 1172 (Ct. App. Idaho 1983). In making that determination, the Court should consider the final judgment or result of the action in relation to the relief sought by the respective parties, and may determine that a party only prevailed in part and apportion fees accordingly. Idaho R. Civ. P. 54(d)(1)(B).[5]

As previously indicated, there were three issues involved in this adversary proceeding: (1) whether the employment contract's covenant not to compete was enforceable; (2) whether Defendant breached that covenant; and (3) whether the resulting liquidated damages should be excepted from discharge in bankruptcy. Because the Court found that the contract was indeed valid and enforceable, and that Defendant did in fact breach its terms, Plaintiff, not Defendant, prevailed on these first two issues.

---

[5] To be precise, it is Idaho R. Civ. P. 54(e)(1) that permits the Court to award attorneys' fees to the prevailing party, but that subsection does not define "prevailing party." Instead, that rule references the previous subsection by indicating that the prevailing party or parties is defined by Idaho R. Civ. P. 54(d)(1)(B).

MEMORANDUM OF DECISION - 8

However, the Court also decided that Plaintiff's claim under the contract was ultimately dischargeable in bankruptcy. Realistically viewed, the discharge issue was the most pragmatic and important question raised in this litigation. Since the outcome of this contest effectively determined whether Defendant must pay anything to Plaintiff, while Plaintiff won several battles, Defendant ultimately won the war. Accordingly, while Defendant only prevailed in part, the Court concludes some sort of award of attorneys' fees under Idaho Code § 12-120(1) in his favor is proper.

**2.      Establishing a reasonable amount of fees.**

While an award of attorney's fees under Idaho Code § 12-120(1) is mandatory under these circumstances, the amount of that award is subject to the Court's discretion. *See In re Colvin*, 08.2 I.B.C.R. at 66. The Idaho Rules of Civil Procedure identify a nonexclusive list of factors which must guide the Court's determination on that score.[6]

---

[6] Idaho Rule of Civil Procedure 54(e)(3) provides:

> **Amount of Attorney Fees.** In the event the court grants attorney fees to a party or parties in a civil action it shall consider the following factors in

MEMORANDUM OF DECISION - 9

The Court has considered all the relevant factors, but some basic observations about this litigation predominate in fixing an award of fees in this case. Simply put, while this action arguably presented issues of state law with which the typical bankruptcy practitioner may be unfamiliar, this contest was not particularly complex, and the monetary stakes were modest. In other words, though the questions presented were certainly important to these litigants, counsel faced few significant or novel issues of fact and law, and only basic lawyering skills were required to competently

---

> determining the amount of such fees: (A) The time and labor required. (B) The novelty and difficulty of the questions. (C) The skill requisite to perform the legal service properly and the experience and ability of the attorney in the particular field of law. (D) The prevailing charges for like work. (E) Whether the fee is fixed or contingent. (F) The time limitations imposed by the client or the circumstances of the case. (G) The amount involved and the results obtained. (H) The undesirability of the case. (I) The nature and length of the professional relationship with the client. (J) Awards in similar cases. (K) The reasonable cost of automated legal research (Computer Assisted Legal Research), if the court finds it was reasonably necessary in preparing a party's case. (L) Any other factor which the court deems appropriate in the particular case.

MEMORANDUM OF DECISION - 10

litigate the issues. These factors therefore inform the Court's decision on the amount of attorneys' fees to be awarded.

Defendant requests $10,875 in attorneys' fees. As detailed in his submissions, counsel for Defendant spent over sixty-four hours on this case. Nineteen hours, or almost one-third of the service provided, consisted of researching, preparing, and arguing Defendant's motion for summary judgment, in which Defendant challenged the validity and enforceability of the parties' non-compete agreement. Summary judgment was denied, and Defendant was unsuccessful on this issue at trial. Because Defendant was not the prevailing the party on this issue, the Court, in the exercise of its discretion, will reduce any award of attorney fees by an amount corresponding to the time attributable to the summary judgment motion.

Several entries in Defendant's submissions also give the Court pause. Multiple entries inadequately describe the service provided, making it impossible for the Court to determine if the services were

MEMORANDUM OF DECISION - 11

reasonable or necessary.[7]  In addition, several entries have "lumped" all legal services rendered on a given date into a single time entry, rather than describing the time spent on discrete services.  This practice "deprives the Court of the ability to weigh the reasonableness of either the amount of time spent or the amount charged for the individual services."  *In re Colvin*, 08.2 I.B.C.R. at 66.  These deficiencies warrant further reductions to any award of attorneys' fees.

Having considered these factors, together with those listed in Idaho Rule of Civil Procedure 54(e)(3), the Court concludes that the fees requested by Defendant are excessive, but that $6,092.50[8] is an appropriate and reasonable attorneys' fee for purposes of Idaho Code § 12-120(1) and the Idaho Rules.[9]

---

[7] Two examples of such entries are 4/29/2008 and 11/24/2008 which describe the service rendered simply as "review."

[8] To arrive at this amount, the Court began with the total amount requested ($10,875) and deducted the amounts associated with the summary judgment motion ($3,050), the inadequate descriptions ($227.50), and the entries with lumped services ($1,505) to arrive at the final award ($6,092.50).

[9] A request for attorneys' fees must be "supported by an affidavit of the attorney stating the basis and method of computation of the attorney fees

MEMORANDUM OF DECISION - 12

### B. Costs

Defendant also seeks to recover the costs incurred in defending this adversary proceeding pursuant to Rule 7054 and LBR 7054.1. Costs are a procedural matter and are taxed under LBR 7054.1. *In re Haun*, 08.4 I.B.C.R. at 160; *Oldemeyer v. Couch-Russell (In re Couch-Russell)*, 04.1 I.B.C.R.

---

claimed." Idaho R. Civ. P. 54(e)(5). Plaintiff argues that no fees should be awarded in this case because Defendant failed to file an affidavit supporting his fees. The decisions from the Idaho courts reveal that it is not the submission of an "affidavit" (as opposed to some other document) that is important in determining whether an award of attorneys fees is proper. Rather, it is the contents of the submission that are required for the court's consideration. *See, e.g., Smith v. Mitton*, 104 P.3d 367, 376 (Idaho 2004) (noting that the problem was not that the attorney requesting fees failed to submit an affidavit, but that the affidavit was insufficient); *Med. Recovery Servs., LLC v. Jones*, 175 P.3d 795, 799 (Ct. App. Idaho 2007) (noting that the magistrate acted prematurely in awarding attorneys' fees before having received a memorandum of costs and fees, and affidavit because such were necessary to properly compute the amount of the award).

     This Court has followed a similar approach. In *In re Haun*, the prevailing party submitted "statements" in support of his request for attorneys' fees and costs. Acknowledging that the form of the request raised several concerns, it nonetheless was sufficient for the Court to complete its analysis. Here, counsel for Defendant submitted a detailed report itemizing the services rendered, and the amount of time required for each of those services. In addition, the motion explains that counsel was retained on an hourly basis, and sets forth the hourly rate. Together, these submissions are adequate for the Court to determine the basis and method of computation of the attorney fees claimed, as required by the Idaho Rules.

MEMORANDUM OF DECISION - 13

9, 11 (Bankr. D. Idaho 2004). To comply with LBR 7054.1, a cost bill must itemize costs and be supported by a certificate of counsel attesting that the costs are correctly stated, were necessarily incurred, and are allowed by law. Taxable costs under LBR 7054.1 include clerk's fees and service fees; costs of trial transcripts; deposition costs; witness fees, mileage and subsistence; costs of reproducing exhibits; and other costs with prior court approval. The Court has proscribed an official form for a cost bill in light of these requirements to aid attorneys in complying with the Local Rule.[10]

Defendant did not utilize the form cost bill, but rather submitted a report itemizing all costs incurred in defense of the action. The list contains entries for photocopies, postage expenses, and legal research. Defendant has not shown that any of these costs are properly taxable items under this rule.[11] LBR 7054.1(c); *High Country Bed & Breakfast, Inc. v.*

---

[10] The Bill of Costs form can be located at the Court's website at: www.id.uscourts.gov/forms-bk.htm.

[11] With respect to the cost of photocopies, LBR 7054.1(c)(5) provides: "Copies of Papers and Exhibits. The cost of an exhibit necessarily attached to a document (or made part of a deposition transcript) required to be filed and served is taxable." Although Defendant listed the number of photocopies, and

MEMORANDUM OF DECISION - 14

*Amresco Independence Funding, Inc. (In re High Country Bed & Breakfast, Inc.)*, 02.2 I.B.C.R. 89, 90 (Bankr. D. Idaho 2002); *Jenkins v. Sroufe (In re Sroufe)*, 01.1 I.B.C.R. 38, 40 (Bankr. D. Idaho 2001).  Accordingly no costs are awarded.[12]

### *Conclusion*

For these reasons, the Court awards Defendant attorneys' fees under Idaho Code § 12-120(1) and other applicable law in the amount of $6,092.50.  No costs are awarded.  A separate order will be entered by the Court.

//

Dated: March 23, 2009

_____
Honorable Jim D. Pappas

---

the dates they were made, there was no showing that these charges were incurred for copying exhibits used at trial.

[12] Because the Court finds that none of the requested costs are properly taxable under the rules, the Court need not address the requirement that counsel certify that the costs "are correctly stated, were necessarily incurred and are allowed by law."  LBR 7054.1(a).

MEMORANDUM OF DECISION - 15

United States Bankruptcy Judge

MEMORANDUM OF DECISION - 16